

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0765-12

**RONALD EUGENE WORTHAM, JR. Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### SAN JACINTO COUNTY

**KELLER, P.J., filed a concurring opinion.**

Appellant's requested lesser offense was, as a statutory matter, included within the indictment. No one disputes that. The issue here is whether appellant's requested instruction was based upon conduct that was in fact a separate unit of prosecution from the offense described in the indictment.[1] The Court says that "both the indictment and [appellant] allege that [the victim's]

---

[1] *See Ex parte Denton*, 399 S.W.3d 540, 555 (Tex. Crim. App. 2013) (Keller, P.J., concurring). I agree with the Court that this analysis is conducted under the second prong of the lesser-included offense test rather than the first. The first prong is concerned only with whether the statutory elements of the requested lesser offense are included within the charging instrument. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007)

injuries were caused by the same conduct," and, for that reason, they were the same conduct. But we do not need to address whether the same conduct was alleged because, for the offense at issue here, it does not matter. "Injury to a child" is a result-of-conduct offense.[2] For that type of offense, we have held in various contexts that the manner in which the offense was committed was unimportant so long as the *result* of the defendant's conduct was alleged to be the same.

In *Johnson v. State*, we addressed a variance in pleading and proof for the offense of aggravated assault.[3] The indictment in that case alleged that the defendant caused serious bodily injury to the victim "by hitting her with his hand or by twisting her arm with his hand," but the proof at trial showed that the defendant threw the victim against a wall.[4] Because aggravated assault is a result-of-conduct offense, we held that a variance with respect to the act that caused the injury cannot be material, so the evidence was sufficient to support the conviction.[5] It was the injury that mattered, not the act that may have produced it.[6]

In *Sanchez v. State*, we addressed a jury-charge issue in a murder prosecution.[7] Four

---

[2] *Johnson v. State*, 364 S.W.3d 292, 297 n.37 (Tex. Crim. App. 2012) (citing *Cook v. State*, 884 S.W.2d 485, 489 (Tex. Crim. App. 1994)); *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006).

[3] 364 S.W.3d at 293.

[4] *Id.*

[5] *Id.* at 298.

[6] *Id.* ("The precise act or nature of conduct in this result-oriented offense is inconsequential. Had the State pled and proved different injuries, a question might arise as to whether the difference between what was pled and what was proved was significant enough to be material.").

[7] 376 S.W.3d 767, 770 (Tex. Crim. App. 2012).

alternative methods of committing murder were submitted disjunctively in the jury charge.[8] These methods included choking the victim with the defendant's hands, placing a stun gun on the victim, and two allegations involving unknown manner and means.[9] We found that error in submitting the unknown-manner-and-means allegations was harmless, in part because the manner and means of committing murder need not be decided unanimously by the jury.[10]

In *Bufkin v. State*, we addressed the trial court's refusal to submit the defense of consent in an assault prosecution.[11] The State contended that the defendant injured the victim by biting her on August 9, but the defendant contended that the biting was consensual and occurred on August 8.[12] The State contended, and the trial court apparently agreed, that the alleged biting on different days were different instances of conduct, and as a result, a defense of consent to biting on August 8 was no defense to biting on August 9.[13] We held, however, that both parties' allegations were an attempt to explain the bite marks on the victim and, thus, were alternate versions of one event.[14]

*Bufkin* predated some of our significant cases regarding the importance of the focus of the offense for evaluating various types of claims,[15] so the terminology used in that case may not be

---

[8] *Id.*

[9] *Id.*

[10] *Id.* at 773-74, 775.

[11] 207 S.W.3d 779, 780-81 (Tex. Crim. App. 2006).

[12] *Id.* at 781.

[13] *Id.*

[14] *Id.* at 783-84.

[15] *See Huffman v. State*, 267 S.W.3d 902 (Tex. Crim. App. 2008) (explaining that the common thread in the holdings in various prior cases seemed to be "focus"); *Johnson*, 364 S.W.3d

entirely consistent with later cases, but the holding is consistent with them. The assault offense at issue in *Bufkin* was a result-of-conduct offense, the result at issue was a biting injury suffered by the victim, and the State and the defendant were alleging alternative manners in which that result was inflicted—unwanted biting on August 9 versus consensual biting on August 8. What matters is that the parties were offering competing theories to explain the same injury, so the defendant was entitled to the submission of the defense.[16]

The question involved in all of these cases (as well as the present case) was the appropriate unit of prosecution.[17] The answer to that question—whether the issue is sufficiency of the evidence, jury unanimity, the submission of defenses, or the submission of a lesser-included offense—is the same: If the charged offense is a result-of-conduct offense, different (nonstatutory)[18] ways in which the actor could have caused the same result are not different units of prosecution; different units of prosecution occur only if the *result* is different.

The remaining question is how to address a situation in which the record supports both a determination that the two alleged acts of shaking caused the same result and a determination that they caused different results. If we conclude that the conduct that the State alleged (severe shaking) and the conduct that appellant said happened (shaking to revive the victim) caused the same result

---

at 296.

[16] *See Bufkin*, 207 S.W.3d at 783 ("a rational factfinder must have reason to believe that the defendant's scenario competes, rather than coexists with the State's scenario").

[17] *See Johnson*, 364 S.W.3d at 293, 295-98.

[18] For sufficiency of the evidence purposes, the State is bound by the *statutory* allegations contained in the charging instrument even if alternative statutory allegations could have been (but were not) alleged. *Johnson*, 364 S.W.3d at 294-95. A variance with respect to statutory allegations is not at issue in the present case.

(serious bodily injury as alleged in the indictment), then they are the same offense; if we conclude that they caused different results, then they are different offenses. What if there is evidence in the record to support both conclusions? Then we choose the conclusion that flows from viewing the evidence in the light most favorable to submitting the lesser-included offense.[19] This is similar to how we treat variances in the sufficiency of the evidence context[20] and in the submission of defenses.[21] In all three situations, the party that seeks the submission of the issue is the one in whose favor we view the evidence.

Because there was evidence that the conduct alleged by appellant, when viewed in the proper light, caused the same injury as that alleged in the charging instrument, it was not a separate unit of prosecution for purposes of conducting a lesser-included-offense analysis.

I concur in the Court's judgment.

Filed: October 30, 2013
Publish

---

[19] *Bufkin*, 207 S.W.3d at 782 (treated as defensive issue when requested by defendant, viewed in light most favorable to requested submission); *Thomas v. State*, 699 S.W.2d 845, 839 (Tex. Crim. App. 1985) ("In making the determination whether the appellant was entitled to an instruction on the lesser included offense of criminally negligent homicide, the facts must be viewed in the light most favorable toward his contention."). *See also Goad v. State*, 354 S.W.3d 443, 450 (Tex. Crim. App. 2011) (Keller, P.J., concurring) ("the question to be answered is whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the submission of the lesser offense") (internal quotation marks omitted).

[20] *Johnson*, 364 S.W.3d at 293-94 (in the light most favorable to the prosecution).

[21] *Bufkin*, 207 S.W.3d at 782 (in the light most favorable to the defendant's requested submission).